[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15219
Non-Argument Calendar

_____

Agency No. A097-625-859

EDWIN YESID ARDILA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 16, 2009)

Before TJOFLAT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Edwin Yesid Ardila, a native and citizen of Colombia, S.A.  An

Administrative Law Judge ("IJ") denied petitioner's application for asylum and withholding of removal and ordered petitioner removed to Colombia. He appealed the decision to the Board of Immigration Appeals ("BIA" or "Board"). The Board affirmed the IJ's decision and dismissed the appeal. He now petitions this court for review, challenging the BIA's denial of asylum and withholding of removal.[1]

Two issues are presented: whether substantial evidence supports the denial of petitioner's application for asylum and withholding of removal based on (1) an adverse credibility finding and, alternatively, (2) a finding that petitioner's evidence failed to show that he suffered past persecution at the hands of the Revolutionary Armed Forces of Colombia ("FARC") on account of his political association with the Liberal Party.

## I.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, we review the IJ's decision as well." Id. In this case, the BIA substantially accepted the reasoning of the IJ. Accordingly, we discuss both the IJ's and the BIA's decision. See Al Najjar, 257 F.3d at 1284.

---

[1] The BIA's decision included the denial of petitioner's application for relief under the Convention Against Torture. Petitioner does not challenge that ruling here.

We review the IJ's findings of fact under the highly deferential substantial evidence test and "must affirm if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1289-90 (11th Cir. 2006). We can reverse an IJ's finding of fact "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). "An IJ's adverse credibility determinations are . . . factual findings, and thus, are . . . subject to the substantial evidence test, and may not be overturned unless the record compels that result." Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application." Id. (quotation omitted). "Once the IJ makes an adverse credibility determination, the burden is on the alien to show that the determination was not supported by specific, cogent reasons, or was not based on substantial evidence." Id. at 1254-55 (quotation omitted).

In analyzing an adverse credibility finding, some circuits have held that discrepancies in the petitioner's testimony must go to the "heart of the asylum

3

claim." See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002); Chebchoub v. I.N.S., 257 F.3d 1038, 1043 (9th Cir. 2001). While we have not addressed the issue in a published opinion, we need not resolve it now because the discrepancies between petitioner's hearing testimony and his documentary evidence relate to his claim that he suffered persecution on account of his association with the Liberal Party and, thus, are sufficient under either standard.

Here, the IJ made an explicit adverse credibility finding regarding petitioner's testimony and gave specific, cogent reasons for it. The IJ relied, and the BIA affirmed his reliance, upon (1) an inconsistency between a letter from the Liberal Party, which established only that petitioner worked for the party as a sympathizer, and his testimony that he occupied a leadership position where he helped recruit others on behalf of the party; and (2) an inconsistency between a police report, which indicated that petitioner was pursued by the FARC because of his technical expertise, and his testimony that the FARC was interested in him because of his political activities.

Because a review of the record shows these significant discrepancies between petitioner's testimony and the documents he submitted, which the IJ could find were not adequately explained, we conclude that substantial evidence supports the IJ's adverse credibility determination.

II.

4

The Secretary of Homeland Security or the Attorney General has discretion to grant asylum to an alien if the Secretary of Homeland Security or the Attorney General determines that the alien is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1)(A). A "refugee" is defined as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving that he qualifies as a "refugee." 8 C.F.R. § 208.13(a). In order to meet this burden, "the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007).

An alien seeking withholding of removal must show that his "life or freedom would be threatened in [his] country [of origin] on account of [his] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). "The alien bears the burden of demonstrating that it is 'more likely than not' [he] will be persecuted or tortured upon being returned to [his] country." Tan v. U.S. Att'y Gen., 446 F.3d 1369,

5

1375 (11th Cir. 2006) (quoting Sepulveda, 401 F.3d at 1232).

To establish eligibility for asylum or withholding of removal, an alien must establish a nexus between a statutorily protected ground and the feared persecution. See Sepulveda, 401 F.3d at 1231. An alien can meet this burden by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" such ground. Id. However, "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz, 440 F.3d at 1258.

We have recognized that an alien's imputed political opinion satisfies the requirement that persecution be based on a protected ground. Al-Najjar, 257 F.3d at 1288-89. However, it is insufficient to find that a political opinion would be imputed to the refugee. Id. at 1289. Instead, the refugee must show persecution based specifically on the imputed political opinion, and not upon some other ground. Id.

The record does not compel a finding that petitioner satisfied his burden of proof for asylum or withholding of removal because substantial evidence supports the IJ's finding that the FARC was interested in petitioner for his technical expertise, rather than his political opinions or affiliations. While he claims that his

6

father's political opinions may be imputed to him, we note that he insisted before the IJ that his asylum claim was based on facts totally unrelated to his father's claim. As a result, the IJ did not discuss his claim of imputed political opinion; neither do we.

PETITION DENIED.